Arthur W. Fischer and Pauline L. Fischer v. Commissioner.
Fischer v. Commissioner
Docket No. 71394.
United States Tax Court
T.C. Memo 1960-188; 1960 Tax Ct. Memo LEXIS 102; 19 T.C.M. (CCH) 990; T.C.M. (RIA) 60188; September 13, 1960
*102 Held: That petitioner has failed to prove error in respondent's determination disallowing the deduction of expenses claimed by petitioner as travel and living expenses for the year 1955. Lawrence R. Lytle, Esq., Gwynne Building, Cincinnati, Ohio, for the petitioners. Wilbur D. Short, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioners as follows: Year
Tax
Deficiency
1955
Income
$573.45
The issues presented are whether petitioner has proved error in respondent's determination disallowing deductions claimed by petitioners under section 162(a)(2) or 212 of the Code of 1954 for (a) cost of moving petitioner's family and residence from New York City to Cincinnati in April of 1955; (b) transportation cost between New York City and Cincinnati of petitioner, Arthur W. Fischer, from July 6 through October 29, 1955; (c) living expenses incurred in New York by petitioner, Arthur W. Fischer, between July 6 and October 29, 1955; and (d) living expenses incurred by petitioner, Arthur W. Fischer, in Adrian, Michigan, between July *104 2 and October 29, 1955. Findings of Fact Some of the facts are stipulated and are incorporated herein by reference. Petitioner, as used hereafter, refers to the petitioner, Arthur W. Fischer. The petitioners filed their income tax return for 1955 with the district director of internal revenue, Cincinnati, Ohio. The petitioner, a business consultant, was employed by Cooper-Hewitt Electric Company, a subsidiary of Sperti Products, Incorporated, whose headquarters are in Hoboken, New Jersey, to make business analyses, and in the performance of his duties he was required to render some of his services in an area (Adrian, Michigan) away from Hoboken, New Jersey. During the year 1955, the petitioner worked from January 1 until October 29, at the above-mentioned Sperti Products, Incorporated, subsidiary in Hoboken, New Jersey, (within the New York area) and at a Sperti Products, Incorporated, affiliate in Adrian, Michigan. His assignment to the afore-mentioned New York area was made in July of 1952, and he continued to work in and out of this area until October 29, 1955. The petitioner moved his family and residence from Cincinnati, Ohio, to the New York area in February 1953, *105 and did not thereafter maintain a home in Cincinnati before April 1955. In April 1955, the petitioner moved his family and residence from the New York area to Cincinnati. On his income tax return for 1955, the petitioner reported as income wages received from the Cooper-Hewitt Electric Company. Income taxes were reported by the petitioner as having been withheld from his wages. Petitioner did not receive any income other than that received from the Cooper-Hewitt Electric Company during the year 1955. Petitioner's travel expenses incurred between Hoboken, New Jersey, and Adrian, Michigan, on company business were reimbursed by the Cooper-Hewitt Electric Company. After the termination of the petitioner's employment with Cooper-Hewitt Electric Company on October 29, 1955, he returned to Cincinnati, Ohio, and on November 1, 1955, established a packaging and manufacturing business under the name of "Inglenook Craftsmen", a proprietorship. The petitioner planned to give up his former "business analyses" type of work due to the traveling involved and his health. On their income tax return for 1955 the petitioners claimed deductions for travel expenses in the amount of $2,527.15. *106 Portions of these claimed expenses were incurred as follows: (a) In April 1955, petitioner expended $447.06 in moving his family from New York to Cincinnati. (b) During the year 1955, petitioner expended $357.43 in traveling between the New York area and Cincinnati, from July 6 through October 29, 1955. (c) During the year 1955, petitioner incurred living expenses between July 6 and October 29, 1955, in the amount of $941.11 in the New York area. (d) During the year 1955, petitioner expended $63.94 between July 6 and October 29, 1955, for living expenses in Adrian, Michigan. The Commissioner disallowed the expenses enumerated in subparagraphs (a) to (d), inclusive, supra, on the basis that they were nondeductible personal living expenses. The petitioner's moving of his family and residence from New York, New York, to Cincinnati, Ohio, in April 1955, was not done for the convenience of or connected with the performance of duties for Sperti Products, Incorporated, its subsidiaries or affiliates, or any employer, but was for the petitioner's personal convenience. The petitioner did not travel between the New York area and Cincinnati in the performance of any duties with *107 Sperti Products, Incorporated, its subsidiaries or affiliates. During the year 1955, petitioner's principal place of employment, his home for income tax purposes, from January 1 until October 29, 1955, was in the New York area. Opinion Petitioners' brief makes the following statement: The sole question involved then becomes "Were the expenses incurred by the petitioner, Arthur W. Fischer, deductible as business expenses under Sections 162 and 212 of the Internal Revenue Code of 1954, or non-deductible items of personal or living expenses under Section 262 of said Code?" The answer to that question depends entirely upon the answer to this: "When these expenses were incurred, was Arthur W. Fischer acting as an independent contract, or as agent?" If acting as independent contractor, the expenses disallowed would be deductible. If acting as employee or agent, the expenses disallowed would not be deductible. Petitioners' brief is thereupon devoted almost exclusively to the support of the proposition that Arthur was an independent contractor. No argument is presented and no authorities are submitted in support of the assumption that if Arthur was acting as *108 an independent contractor, the disallowed expenses would be deductible. Upon the record before us, the question of whether Arthur was an independent contractor is a highly debatable one. We do not labor the discussion, however, because it is our view that the deductions in issue are not allowable even if we assume that Arthur was an independent contractor for the period in question. The first issue involves the deductibility of the amount of $447.06. The parties have stipulated that the amount represents the total cost of moving petitioner's family and residence from the New York City area to Cincinnati in April of 1955; that petitioner had moved his family and residence from Cincinnati to the New York area in February 1953 after having been transferred to that area in July of 1952 by petitioner's employer, Sperti Products, Incorporated, and that petitioner remained in the employment of Sperti, its subsidiaries and affiliates until October 29, 1955. The expense in question is so obviously a personal one that we so hold without further discussion. With respect to petitioner's expenses of $357.43 in traveling from New York to Cincinnati and return during the period from July *109 6 through October 29, 1955, it is clear that the moving of one's family residence away from one's post of duty does not place one in travel status when visiting one's family insofar as the revenue laws are concerned. Petitioner's testimony about the New York-Cincinnati trips is quite vague, and there is nothing in the record to indicate that his substantial purpose was other than the natural desire to visit his family. He speaks in a general way about re-establishing his "headquarters," (actually his family residence) but at the time of his visits, his only business was that of his services to the Sperti group. His post of duty was still in the New York area, and the visits to Cincinnati had nothing whatever to do with his then occupation. He also mentions renewing "contracts" from which he hoped to procure future business, but there is nothing to indicate that these were significant. See Henry G. Owen, 23 T.C. 377, 380, 381 (1954). Upon these facts, we find no basis for allocating any part of the New York-Cincinnati trips to deductible travel expenses (section 162(a)(2)), or to deductible expenses for the production of income (section 212(1)), or for the management *110 or maintenance of property held for the production of income (section 212(2)). Much the same may be said about the deduction of $941.11 taken by petitioner for living expenses in New York during the period from July 6 through October 29, 1955. His post of duty was there, and had been for several years. It is obvious that his voluntary act in moving his family residence away from his post of duty cannot have the effect of allowing him to deduct his living expenses incurred at the his post of duty. The final item in issue is the amount of $63.94 which is referred to in the stipulation as "living expenses incurred in Adrian, Michigan, between July 6 and October 29, 1955, which were not reimbursed." The stipulation further provides that during the year in question "petitioner worked at a Sperti Products affiliate * * * within the afore-mentioned * * * New York area * * * and also worked at a Sperti Products, Incorporated, affiliate in Adrian, Michigan, on a temporary basis, the company reimbursing him for travel expenses between the two plants and his living expenses while in Adrian, Michigan." The record leaves us completely uninformed as to the nature of the so-called living expenses *111 of $63.94. We have recited above the substance of the stipulation to the extent here material. The only testimony on the subject was that of petitioner, who, when questioned about spending twenty days in Adrian replied as follows: "I think those twenty days that you are referring to probably are the twenty days during which I incurred some personal expenses, what I class as my own personal expenses, rather than company expenses." We can only say that, upon carefully considering the stipulation and the testimony, we find no basis for allowing the deduction. Decision will be entered under Rule 50.